UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

SHERMAN EMERSON

Case No. 1:04-cr-201-SEB-TAB-06

ORDER     ON     MOTION     FOR
SENTENCE  REDUCTION  UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-00201-SEB-TAB |
| | ) | |
| SHERMAN EMERSON, | ) | -06 |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Sherman Emerson has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 172. This is his third such attempt at compassionate release. The Court denied the first motion because, even assuming that Mr. Emerson could show extraordinary and compelling reasons for relief under § 3582(c)(1)(A) based on the risk he faced from the COVID-19 pandemic, the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. Dkt. 155. The Seventh Circuit affirmed that decision on appeal. Dkt. 169. Mr. Emerson then filed another motion for compassionate release based on COVID-19 risk, but the Court summarily denied the motion because the § 3553(a) factors still weighed against release. Dkt. 170. In his latest motion, Mr. Emerson asserts that the Court should release him because: (1) he was admitted to the ICU with acute respiratory failure and pneumonia after contracting COVID-19 and continues to suffer from swelling in his legs because of COVID-19; (2) he has now been vaccinated against COVID-19; and (3) he may be released to a halfway house in January 2023 or sooner. The Court concludes that it can resolve Mr. Emerson's motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Emerson has not shown that extraordinary and compelling reasons warrant release under § 3582(c)(1)(A). To the extent he still relies on the risk he faces from the COVID-19 pandemic because of his underlying medical conditions (including heart and kidney/renal disease), he admits that he is fully vaccinated. Dkt. 172 at 2. But he has not shown that he cannot receive benefit from the vaccine, so he cannot show extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on COVID-19 risk. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). And, while it is of course unfortunate that Mr. Emerson contracted COVID-19 and apparently became very ill, the mere fact that he became seriously ill with COVID-19 is not an extraordinary and compelling reason to release him. *United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-03, 2021 WL 598291, at *4 (S.D. Ind. Feb. 16, 2021) ("[E]arly release is not a remedy or reward for contracting COVID-19."). Mr. Emerson states

that he still suffers from leg swelling because of COVID-19, but he does not claim to be incapacitated or incapable of self-care. As a result, the Court declines to exercise its discretion to find that his current medical condition is an extraordinary and compelling reason to release him, whether standing alone or in combination with any other factor. That leaves Mr. Emerson with one possible extraordinary and compelling reason warranting release—his potential impending release to a halfway house. Many inmates are close to release. Such a circumstance is not "extraordinary" and does not here serve as a basis to reduce his sentence.

Because Mr. Emerson has not shown an extraordinary and compelling reason warranting release, the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of release.

Accordingly, Mr. Emerson's motion for compassionate release, dkt. [172], is **denied**.

**IT IS SO ORDERED.**

Date:    7/26/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Sherman Emerson
Reg. No. 07717-028
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

4